# Stover v. Bucks County

*William T. Renz,* for plaintiff.
*Martin J. King,* for the County of Bucks.
*Peter Glascote,* for Warwick Township.
*Eric R. Tobin,* for the Central Bucks School District.

BIESTER, Jr., *J.,* August 16, 1985—Plaintiffs and defendant, Central Bucks School District (hereinafter referred to as CBSD) have stipulated to the following facts. Plaintiffs entered into an Act 515 Covenant pursuant to P.L. 1292, 16 P.S. §11941 et seq. (hereinafter referred to as Act 515). On July 1, 1980, plaintiffs breached the Act 515 covenant and the CBSD forwarded a notice of tax due on account in the amount of $7,418.43 on August 6, 1980. This amount included the rollback taxes for the school district real estate tax years of 1975-1976, 1976-1977, 1977-1978, 1978-1979, and 1979-1980 in the amount of $6,744.03 and an additional ten percent penalty of $674.40. Plaintiffs paid the full amount on August 29, 1980. Plaintiffs instituted this action requesting a rebate of the ten percent penalty on the grounds that CBSD lacked

the authority to collect a penalty on the taxes. This matter was first argued before an arbitration panel which entered a judgment for plaintiff in the amount of the penalty, $674.40. Defendant now appeals to us.

Defendant contends that it has the authority to assess a penalty against the plaintiffs pursuant to 72 Pa. C.S. §5511.10 which provides in pertinent part:

". . . All taxpayers, who shall fail to make payment of any such taxes *charged against them* for four months after the date of the tax notice, shall be charged a penalty of up to ten per centum which penalty shall be added to the taxes by the tax collector and be collected by him." (Emphasis supplied). Defendant argues that the penalty mandated in section 5511.10 is applicable to this taxpayer because by paying the reduced amount of taxes pursuant to Act 515, plaintiff has failed to pay the full amount of taxes charged against him. However, this interpretation is a mischaracterization of Act 515 which act envisions a scheme whereby a taxpayer covenants that he will maintain his land in a certain manner, e.g., farmland, forest or open space, and the county covenants that the real estate property tax assessment for a period of ten years will reflect the fair market value of the land when used in the manner convenanted and not the otherwise higher fair market value. 16 P.S. §11943. Consequently the taxpayer will pay lower real estate taxes because the limited fair market value of his land is lower and the tax assessment will be concomitantly lower. If the taxpayer breaches the convenant, he at that time becomes liable for the taxes he was not earlier required to pay as a result of the lower real estate assessment of his property. 16 P.S. §11946. Section 11946 provides in pertinent part:

"Section 11946-Breach of covenant by land owner:

If the land owner, his successors or assigns, while the covenant is in effect, alters the use of the land to any use other than that designated in the covenant, such alteration shall constitute a breach of the covenant and the land owner *at the time of said breach*, shall pay to the county, as liquidated damages, the difference between the real property taxes paid and the taxes which would have been payable absent the covenant, plus compound interest at the rate of five percent per year from the date of entering the covenant to the date of its breach or from a date five years prior to the date of its breach whichever period is shorter." (Emphasis added).

Clearly, the additional taxes which arise as a result of the taxpayers' breach of the Act 515 covenant are not charged against him until this breach. Consequently, the penalty provision begins to run at the time of the breach and not at the time the taxpayer enters into the Covenant. Therefore, we conclude that CBSD unlawfully imposed a ten percent penalty against these plaintiffs. We also note that the act sets the liquidated damages and does not include any penalty therein.

For the foregoing reasons we enter the following

## ORDER

And now, this August 16, 1985, upon consideration of oral argument made by counsel before this court, and stipulations of counsel, we hereby order, direct and decree that the appeal of the CBSD is overruled and the judgment of the arbitration panel is affirmed. Plaintiff is entitled to a repayment of the ten percent penalty which is $674.40.